Katherine B. Lowry v. Commissioner.
Lowry v. Commissioner
Docket No. 3071-67.
United States Tax Court
T.C. Memo 1968-173; 1968 Tax Ct. Memo LEXIS 126; 27 T.C.M. (CCH) 843; T.C.M. (RIA) 68173; August 7, 1968, Filed Philip D. Calogen, 77 W. Washington, Chicago, Ill., for the petitioner. Richard M. Kates, for the respondent. DAWSON
Memorandum Opinion DAWSON, Judge: Respondent determined a deficiency of $529.98 in petitioner's income tax for the year 1965. Petitioner has conceded certain adjustments. The only issue for decision is whether a $1,000 expenditure by petitioner for a survey of her Montana ranch property "made to establish *127 the 844 boundaries of said property in order to prevent encroachments on that property by her neighbors and by others" is deductible as an ordinary and necessary expense under section 162 or section 212, Internal Revenue Code of 1954. [1]
All of the facts have been stipulated and are found accordingly. Katherine B. Lowry (herein called petitioner) was a resident of Winnetka, Illinois, at the time the petition herein was filed. Her Federal income tax return for the year 1965 was filed with the district director of internal revenue at Chicago, Illinois. Petitioner expended $1,000 in 1965 to make a survey of her Montana ranch property for the purpose of establishing the boundaries in order to prevent encroachment on the property by her neighbors and by others. She used a cash basis, calendar year method of reporting for Federal income tax purposes. Petitioner characterizes her expenditure as an ordinary and necessary expense of operating her ranch for profit. [2] Respondent views the amount paid as a capital expenditure of a permanent nature incurred *128 to perfect titel to the ranch property. [3]
The cost of defending or perfecting title to property is a capital expenditure, section 1.263(a)-2(c), Income Tax Regs., and is not a deductible expense under either section 162 or section 212. Spangler v. Commissioner, 323 F. 2d 913 (C.A. 9, 1963), affirming a Memorandum Opinion of this Court. Two fundamental elements of such cost *129 distinguish it from a business expense. It is nonrecurring in nature and results in the improvement or development of a capital asset in such a way that the benefit of the expenditure is enjoyed over a comparatively lengthy period of business operation. Louisiana Land & Exploration Co., 7 T.C. 507 (1946). This record shows only that petitioner incurred the survey expense in order to establish the bounds of her ranch property so that she might take measures to protect the land from encroachments by others. Petitioner has failed to offer any evidence as to the length of her ownership of the land, the use to which it was put, or that it was being prepared for sale. It is axiomatic that the burden of proving error in the respondent's determination that an expenditure is in the nature of a capital outlay rests upon the taxpayer. Welch v. Helvering, 290 U.S. 111 (1933); Morse v. United States, 371 F. 2d 474 (Ct. Cl., 1967); Rule 32, Tax Court Rules of Practice."[He] must furnish as definite proof as is reasonably possible, in the situation and circumstances, of the nature and details of the expenditure claimed to have been made." Rugel v. Commissioner, 127 F. 2d 393, 395 *130 (C.A. 8, 1942), affirming a Memorandum Opinion of this Court. The provision that a case may be submitted to this Court upon full stipulation of the facts does not relieve the party upon whom rests the burden of proof of the necessity of properly producing evidence in support of issues joined on questions of fact. Rule 31(g), Tax Court Rules of Practice. We conclude that petitioner has failed to establish error in the respondent's determination. The expenditure made by petitioner was nonrecurring and resulted in a benefit to the property which has a useful life beyond the year in which the survey was made. Such an expenditure is in the nature of a cost of perfecting title to property. Accordingly, we hold that it is a capital expenditure and nondeductible under section 263. Louisiana Land & Exploration Co., supra; Frishkorn Real Estate Co., 15 B.T.A. 463 (1929); and Vincent Johnson, T.C. Memo. 1955-247. Decision will be entered for the respondent. 845 Footnotes
1. All statutory references are to the Internal Revenue Code of 1954 unless otherwise indicated.↩
2. SEC. 162. TRADE OR BUSINESS EXPENSES. (a) In General. - There shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, * * * SEC. 212. EXPENSES FOR PRODUCTION OF INCOME. In the case of an individual, there shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year - * * * (2) for the management, conservation, or maintenance of property held for the production of income: * * * ↩
3. SEC. 263. CAPITAL EXPENDITURES. (a) General Rule. - No deduction shall be allowed for - (1) Any amount paid out for new buildings or for permanent improvements or betterments made to increase the value of any property or estate.↩